IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Andrea Ingleton<br><br>*Plaintiff,*<br><br>v.<br><br>United States, et al<br><br>*Defendants* | CIVIL ACTION NO.: 2:23-cv-00914<br><br>JUDGE: GREG GERARD GUIDRY<br><br>MAGISTRATE JUDGE: MICHAEL NORTH |

**LOUISIANA'S ORIGINAL COMPLAINT OF INTERVENTION**

The State of Louisiana, Defendant-Intervenor, appearing through the Jeff Landry, as Louisiana Attorney General, respectfully sets forth its factual and legal basis for the State's interest in asseting a claim in intervention as follows:

BACKGROUND

1. Plaintiff brought a suit for damages against the principal defendants, the United States, Human Resources and Services Administration, Dr. Prateek Adhikari and Jessica Lee, alleging medical negligence in connection with the death of Plaintiff's husband on or about October 15, 2021.

2. During the COVID-19 crisis, an emergency public health declaration was issued by John Bel Edwards as Governor that triggered certain protections against civil liability to health care providers in the event of death or injury to a person except in the event of gross negligence or willful conduct pursuant to the Louisiana Emergency Health Powers Act, La. R.S. 29:760, *et seq*.

3. The Governor's emergency declaration remained in effect through the time of the incident that forms the subject matter of this suit and applicable provisions of the Louisiana Health Emergency Powers Act have been challenged as unconstitutional by Plaintiff as part of this litigation.

4. The Louisiana Legislature adopted the Louisiana Health Emergency Powers Act in 2003 to do all that is reasonable and necessary to protect the heath and safety of the citizens of the state.

5. The Louisiana Health Emergency Powers Act was modeled after the Model Health Emergency Powers Act which was prepared by the Center for Law and Public's Heath at Georgetown and John Hopkins Universities for the Centers of Disease Control and Prevention in 2001.

6. The legislative purpose of the Louisiana Health Emergency Powers Act, found in La. R.S. 29: 761-766 and other applicable statutes, is provide medical care for the citizens of the state during a health care emergency, including the suspension of administrative polices and regulatory statutes as necessary to aid in containing a public health emergency, as well as protections against civil liability for health care providers during the emergency under La. R.S. 29:771(B)(2)(c)(i).

7. The modified standard of liability remains in effect as long as the Governor sees fit to continue the emergency declaration in effect and presents a legitimate exercise of the State's police power to ensure the availability of medical care to all citizens.

8. There are eight (8) constitutional challenges to the Louisiana Health Emergency Powers Act know to be pending in state court. There is also a pending constitutional challenge to Louisiana Health Emergency Powers Act in the United States District Court for the Eastern District of Louisiana.

9. The State respectfully avers that this Court's abstention from ruling on the constitutionality of the Louisiana Health Emergency Powers Act under the Pullman abstention doctrine is appropriate until the courts of the State of Louisiana have had the opportunity to rule on its constitutionality.

10. Plaintiff is challenging the constitutionality of the Louisiana Health Emergency Powers Act, as overbroad, against legislative intent, in violation of due process and leading to absurd consequences.

11. Plaintiff has not named the State, or any agency officer or employee thereof as a party to the litigation within the meaning of 28 U.S.C. § 2403 so this intervention is necessary to defend the claim that the Louisiana Health Emergency Powers Act is unconstitutional.

## LOUISIANA'S INTEREST AND STANDING

12. Louisiana has an interest in opposing Plaintiff's challenge to the constitutionality and validity of the Louisiana Health Emergency Powers Act, La. R.S. 29:760, *et seq*.

13, Plaintiff is challenging the constitutionality of Louisiana Health Emergency Powers Act.

14. In any action wherein the constitutionality of any statute of the State affecting the public interest is drawn into question, the Attorney General must be notified and the State permitted to intervene when the State or any agency, officer or employee thereof is a party. 28 USC § 2403(b) and FRCP 5.1.

15. In the Louisiana Health Emergency Powers Act, the Louisiana's Legislature clearly articulated a public interest in providing medical care for the citizens of the state during a health care emergency.

16. In the exercise of its police power, the State adopted the Louisiana Health Emergency Powers Act to ensure the public health and safety of its citizens. The State's intervention is necessary here as a matter of right to defend the constitutionality of the Louisiana Health Emergency Powers Act as the State clearly has a legitimate interest in the continued enforceability of its own statutes. *See Maine v. Taylor*, 477 U.S. 131 (1986).

17. The State has an interest in this case because its sovereignty would be irreparably harmed if its statutes were declared unconstitutional and unenforceable. "Federal nullification of a state statute is a grave matter . . ."*Maine v. Taylor*, 477 U.S. 131, 135 (1986).

<u>THE STATE'S INTEREST WOULD NOT BE ADEQUATELY PROTECTED ABSENT INTERVENTION</u>

18. The State's interest is unlikely to be adequately represented by the named defendants in light of the nature of the Complaint and claims presented. The claims against the defendants in the Complaint arise out of their particular alleged

conduct and actions. Those defendants do not have as their principal interest the defense of the statutes themselves, which are more likely to be defended by the State.

19. The State as Defendant-Intervenor will add the special perspective of the State as a sovereign with a vital interest in the statewide policies articulated the Louisiana Health Emergency Powers Act. No other party occupies a position equivalent to the State itself in expressing the concerns of its citizens and the protections that the Louisiana Health Emergency Powers Act.

WHEREFORE, the State of Louisiana respectfully prays:

I. The Court enter an appearance for the State of Louisiana in this matter;

II. Reject the plea of unconstitutionality and invalidity of any and all provisions of the Louisiana Health Emergency Powers Act., La. R.S. 29:760, *et seq*.

III. Award any further relief that the Court may deem proper in law or equity.

Respectfully Submitted,

JEFF LANDRY
LOUISIANA ATTORNEY GENERAL

/s/ *Madeline S. Carbonette*
Madeline S. Carbonette (LSBA No. 3873)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
Carbonettem@ag.louisiana.gov

*Counsel for the State of Louisiana*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 10th day of August 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

/s/ *Madeline S. Carbonette*
Madeline S. Carbonette